Raymond Arthur SHIELDS, Petitioner—Appellant,

v.

A.A. LAMARQUE, Respondent—Appellee.

No. 03–16181.

D.C. No. CV–00–20868–JW.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 9, 2004.*

Decided Aug. 16, 2004.

Erik G. Babcock, Attorney at Law, Oakland, CA, for Petitioner–Appellant.

Raymond Arthur Shields, Soledad, CA, pro se.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Nanette S. Winaker, Office of the California Attorney General, San Francisco, CA, for Respondent–Appellee.

Before SCHROEDER, Chief Judge, RAWLINSON and CALLAHAN, Circuit Judges.

### MEMORANDUM**

Raymond Shields, a California state prisoner, appeals from the dismissal of his habeas corpus petition under 28 U.S.C. § 2254. He contends that the district court erred in finding his two claims procedurally barred where the California Supreme Court dismissed his habeas petition with citation to California's untimeliness rule. Respondent correctly concedes that in light of *Bennett v. Mueller,* 322 F.3d 573 (9th Cir.) (en banc), *cert. denied,* —— U.S. ——, 124 S.Ct. 105, 157 L.Ed.2d 251 (2003), decided after the district court filed its order of dismissal, this case must be remanded for determination of whether California's untimeliness rule is an "adequate" state ground for denying relief. *See id.* at 583–86 (remanding for state to show that untimeliness rule is well-established and consistently applied, and thus adequate).

Shields relies upon *Koerner v. Grigas,* 328 F.3d 1039 (9th Cir.2003), for the proposition that his claims are not procedurally barred. This contention lacks merit because unlike in *Koerner,* the two reasons given by the California Supreme Court

were not inconsistent; claims may be untimely and also pleaded with insufficient particularity. *Cf. id.* at 1053.

**REVERSED and REMANDED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

